**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI**

**ADDIE STOVER**                                                                          **Plaintiff**


    **v.**                                      **CIVIL ACTION No.: 2:05cv00388KS-JMR**


**HATTIESBURG PUBLIC SCHOOL DISTRICT**                              **Defendant**


**PRETRIAL ORDER**

1.      Choose [by a √ mark] one of the following paragraphs, as is appropriate to the action:

*If a pretrial conference was held*

        A pretrial conference was held as follows:

   __x___

        Date:   January 22, 2007              Time: 3:00 p.m.

        United States Courthouse at:   Hattiesburg, Mississippi,

        before the following judicial officer:  Federal District Judge, Keith Starrett

*If the final pretrial conference was dispensed with by the court pursuant to UNIFORM LOCAL
RULE 10(b)*

        _____ The final pretrial conference having been dispensed with the magistrate judge, the
                parties have conferred and agree upon the following terms of this pretrial
order:

2.      The following counsel appeared:
      a.      For the Plaintiff:

| Name | Address | Telephone No. |
|------|---------|---------------|
| Kim T. Chaze | P.O. Box 287, Hattiesburg, MS 39403 | 601-582-3947 |

1

b.      For the Defendant:

| Name | Address | Telephone No. |
|------|---------|---------------|
| Elizabeth Lee Maron | Adams and Reese LLP<br>111 E. Capitol Street,<br>Suite 350<br>Jackson, MS 39201 | 601-292-0719 |

And

| | | |
|------|---------|---------------|
| Janis van Meerveld | Adams and Reese LLP<br>Suite 4500<br>One Shell Square<br>New Orleans, La. 70139 | 504-585-0459 |

3.      The pleadings are amended to conform to this pretrial order.

4.      The following claims (including claims stated in the complaint, counter-claims, cross-claims, third-party claims, etc.) have been filed:

Essentially, the Complaint contends that Ms. Addie Stover has been the victim of race discrimination, gender discrimination, and retaliation in violation of Title VII and the Equal Pay Act.

5.      The basis for the court's jurisdiction is:

Federal Question

6.      The following jurisdictional question(s) remain(s) [If none, enter "None"]:  NONE

7.      The following motions remain pending [If none, enter "None'] [Note: Pending motions not noted here may be deemed moot]:

•   Defendant's Motion for Summary Judgment

•   Defendant's Motion in Limine to Exclude Pattern and Practice Evidence

•   Defendant's Motion to Strike Witnesses Carter, Jones, and Jefferson

8.      The parties accept the following concise summaries of the ultimate facts as claimed by:

1)   **Plaintiff**: The Plaintiff, Ms. Addie Stover, is an African-American female who performed substantially equal duties as Mr. Alan Oubre, a white male.   The Defendant has admitted to discriminating against Ms. Stover. Indeed, in spite of the fact that Ms. Stover had clearly superior qualifications to Mr. Oubre in terms of seniority, experience, and qualifications for the job of Administrative Assistant to the Superintendent, Mr. Oubre was immediately paid approximately twice the salary of Ms. Stover.  Mr. Oubre was also provided special accommodations so that he would

2

only have to actually work approximately half a given day so he could attend university classes and enhance his educational status.  Ms. Stover was denied this benefit.

> The hiring procedure utilized was also discriminatory.  Also, there are promotion issues that were also indicative of discriminatory animus.  The terms and conditions of Ms. Stover's employment also became discriminatory.

> There was no prompt, remedial investigation of Ms. Stover's concerns.

> Upon Ms. Stover complaining about the discriminatory conduct of Defendant, she was retaliated against.  Ultimately, the treatment of Ms. Stover by Defendant was so retaliatory and so harsh that the workplace became intolerable, and she was constructively discharged.

b.      **Defendant:**

Ms. Stover was hired June 3, 1996, as secretary of personnel in the HPSD central office at a salary $12,945.  She was subsequently made an Administrator (her title varied regularly), serving in a high level clerical position in support of the Superintendent of Schools.  She regularly received pay increases, and her salary at the time she quit in 2006 was approximately $37,284.

Ms. Stover claims that a white male, Alan Oubre, was hired in 2003, was given her same title, and performed similar duties as she did, but that he was paid significantly more money because of his race (white) and gender.  Ms. Stover further complains that when she complained about this difference she experienced hostility at work.

While Ms. Stover claims that she did equal work requiring equal skill, effort, and responsibility, all under similar working conditions, this is simply not true.  The difference in Ms. Stover's pay and that of Mr. Oubre was based on the difference in their job functions, levels of responsibility, authority, skills and credentials required in their jobs.  Ms. Stover's job duties and Mr. Oubre's job functions are not the same or even substantially similar, though their titles as "Administrator" or "Administrative Assistant" at times overlapped or both included the word "Administrative."

Ms. Stover is a classified *at-will* staff member whose job as an administrative support staff member is aligned with clerical administrative support functions.  The tasks for which she was responsible are not management tasks and she is a non-exempt employee who is paid on an hourly basis. She does not have a contract of employment.  She has no discretionary decision-making authority but rather falls under the direct supervision of the associate superintendent.  Ms. Stover does not supervise any personnel.  Ms. Stover holds a bachelor's degree.  She is not a licensed educator and holds no position among the managerial licensed professional staff.

Mr. Oubre's title when hired was "Administrative Assistant to the Superintendent of Schools."   Mr. Oubre has administrative decision-making authority.  He has the responsibility for directly supervising the employees in the HPSD technology department as well as providing directions to licensed teachers and administrators in special programs and project areas such as

3

educational technology and energy.  Mr. Oubre is one of five people who serve as members of the Superintendent's Advisory Cabinet representing key administrative offices.  In the absence of the Superintendent and Associate Superintendent, Mr. Oubre would exercise executive decision-making authority.  He has discretionary decision-making authority to carry out his duties as administrative assistant to the superintendent.  He is third in rank for executive decision making in the entire District.

Mr. Oubre holds an educator's license with a master's in Educational Administration, a bachelor's in secondary school English, and a bachelor's level license as an Army JROTC instructor.  Mr. Oubre is an exempt employee who has a contract of employment.  As indicated above, there are vast differences in Ms. Stover's and Mr. Oubre's job functions and levels of responsibility.  Mr. Oubre's 2004 – 2005 contract shows that he was paid $62,845.  The reason Mr. Oubre's salary is higher than Ms. Stover's salary is because he is an executive level administrator.  He has a higher level of responsibility and authority.  Certain skills and credentials are required for his job as administrative assistant to the superintendent.  This position has been occupied by a licensed, cabinet-level administrator since 1996.  The position was previously held by two white females, both Ph.D's**,** who were paid more than Mr. Oubre.

No retaliation occurred.  What Ms. Stover saw as retaliatory was but a reflection of her increasing performance problems—problems which began long before she went to the EEOC.  Indeed, we presented proof in our Motion that it was the disciplinary action which prompted her to make her Charge in the first place.  Ms. Stover missed an inordinate amount of time, was insubordinate, refused to clock in properly, missed critical deadlines affecting the pay of district employees, and was a serious morale problem.  When District administrators attempted to discuss these issues with her, she and her lawyer wrote the administrators claiming that Stover was being harassed and retaliated against.  From that point forward, Ms. Stover set about self-destructing on the job, and calling it retaliation.  Dr. Annie Wimbish, one of the targets of Ms. Stover's retaliation claims, is an African American female who tried her best for Ms. Stover's last year of employment to resolve her issues.  Dr. Wimbish's letters reflect her passionate efforts to assist Ms. Stover.  Ms. Stover's failure to cooperate with those efforts is further set out in those letters. Ms. Stover ultimately quit, having developed a real estate development business, "Stover Developments."

       c.    **Other:**      Not Applicable

9.    a.    The following facts are established by the pleadings, by stipulation, or by admission:

    b.    **Plaintiff**:  The contested issues of fact are as follows:
1) Was Ms. Stover discriminated against based upon her race?
2) Was Ms. Stover discriminated against based upon her gender?
3) Was Ms. Stover retaliated against upon her complaining about discrimination?
4) Did Defendant violate the Equal Pay Act?

5) The amount of damages, if any, to which Ms. Stover is entitled.

4

6)  Whether there is direct evidence of discrimination?

7)  Did Defendant violate Title VII based upon gender, race, or both?

b.      **Defendant**:  The contested issues of fact are as follows:

Whether Stover was qualified for the Administrative Assistant position held by Tressie Harper, Leila Alcorn and Alan Oubre.

Whether HPSD had a reasonable, non discriminatory basis to pay Mr. Oubre more than Ms. Stover.

Whether HPSD had legitimate, non-discriminatory reasons for not advertising the position filled by Mr. Oubre.

Whether HPSD's decision to pay Ms. Stover a different wage than Mr. Oubre was based on factors other than her sex;

Whether HPSD's decision to pay Ms. Stover a different wage than Mr. Oubre was based on factors other than her race;

Whether Ms. Stover and Mr. Oubre performed the same or substantially equal job duties;

Whether Ms. Stover and Mr. Oubre's  jobs were substantially equal in terms of skill, effort, responsibility, and working conditions.

Whether Ms. Stover and Mr. Oubre exercised the same level of discretion and decision making authority;

Whether Stover experienced job related performance and attendance based issues that merited disciplinary action;

Whether Ms. Stover's EEOC charge was filed before or after the disciplinary actions began;

Whether the HPSD acted in good faith and on reasonable grounds in deciding the pay associated with the jobs held by Ms. Stover and Mr. Oubre;

Whether the HPSD intentionally discriminated against Ms. Stover on the basis of her sex;

Whether the HPSD intentionally discriminated against Ms. Stover on the basis of her race;

Whether the HPSD retaliated against Ms. Stover for her complaints of discrimination.

Whether a reasonable person would have quit their employ at the HPSD.

The nature and extent of plaintiff's damages, if any.

1) The contested issues of law are as follows:

**Plaintiff**:

1.   Was Title VII violated by the Defendant based upon race, gender, or both?

2.   Were there mixed motives involved here?

3.   What is the impact and importance of the direct evidence [evidence not requiring any inference of discrimination by the jury] in this case in regards to establishing discrimination?

4.   Was Plaintiff retaliated against based upon Title VII and the recent U.S. Supreme Court interpretation of Title VII regarding retaliation?

5.   Has the Equal Pay Act been violated by Defendant?

6.   What damages Ms. Stover is entitled as a matter of law?

7.   Whether Plaintiff is entitled to attorney's fees.

8.   All issues of law implicit and incorporated in the contested issues of fact.

9.   What is defendant's burden of production in this case?

10. All issues of law and fact implicit and incorporated in plaintiff's summary of the case provided *supra*.

**Defendant**:

Whether Ms. Stover is able to prove that all relevant aspects of her education, experience, and employment are equal or substantially equal to Mr. Oubre's.

If Ms. Stover is able to prove that she occupies a job substantially equal to that of Mr. Oubre, whether sex and/or race was the motivating factor in paying Mr. Oubre more than Ms. Stover.

Whether plaintiff suffered retaliation by HPSD managers for having complained of race and/or sex discrimination.

Whether sufficient direct evidence exists to justify a mixed motives charge to the jury.

Whether Plaintiff is entitled to recover compensatory damages.

Whether Plaintiff is entitled to recover backpay.

Whether Plaintiff is entitled to an award of frontpay, reinstatement, or other equitable relief.  (Issue to be decided by the judge).

Whether Plaintiff is entitled to attorney's fees.

Whether Defendant is entitled to attorney's fees.

Whether Plaintiff mitigated her damages.

All issues of law implicit in the contested issues of fact and incorporated in defendant's summary of the case provided *supra*.

10. The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes or rebuttal) to be offered in evidence by the parties. **Each exhibit  has been marked for identification and examined** by counsel.

   a.     To be Offered by the Plaintiff: **[see attached at Exhibit A]**

   The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity and/or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified ground(s) for the objection(s):

   b.      To be Offered by the Defendant: **[see attached at Exhibit B**].

   The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity and/or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified ground(s) for the objection(s):

11.     The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing statements, but which **will not** be offered in  evidence:

   **By plaintiff**:  Timeline of events.  Chart reflecting qualifications of Oubre and Stover.

   **By defendant**: A timeline of events; chart of titles; graphic reflecting qualifications of

Oubre/Stover.

Objections, if any, to use of the preceding objects are as follows:

   The parties have not yet exchanged same. They have agreed to exchange them by Friday, February 9 at 10 a.m.

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three days prior to trial. If there is then any objection to use of the objects, the dispute will be submitted to the court at least one day prior to trial.

12      The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge prior to commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will Call | May Call | Fact Expert | Liability Damages | Residence Address & Tel. No. | Business Address & Tel. No. |
|------|-----------|----------|-------------|-------------------|------------------------------|------------------------------|
| a. Ms. Addie Stover | X | | F | BOTH | | 912 West Pine Street Hatt., Ms. 582-3947 |
| b. Dr. James Davis | | X | F | BOTH | | HPSD |
| c. Mr. Jimmy Hopkins | | X | F | BOTH | | HPSD |
| d. Mr. Sam Buchanan | | X | F | BOTH | | HPSD |
| e. Ms. Ann Chapman | | X | F | BOTH | | HPSD |
| f. Mr. Alan Oubre | | X | F | BOTH | | HPSD |
| g. Mr. Michael Jefferson | | X | F | BOTH | | HPSD |
| h. Ms. Irene Williams Jones | | X | F | BOTH | | HPSD |
| i. Mr. Marquan Stover | | X | F | DAMAGES | | 912 West Pine Street Hatt., Ms. 582-3947 |
| j. Annie Wimbish | | X | F | BOTH | | HPSD |
| k Ms. Angela Carter | | X | F | BOTH | | HPSD |
| l. Any witness listed by Defendant | | | | | | |

Will testify live:

Will testify by deposition:      None

State whether the entire deposition, or only portions, will be used. Counsel **shall** confer, no later than twenty days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (videotaped or otherwise). All controversies not resolved by the parties shall be submitted to the trial judge not later than ten days prior to trial. All objections not submitted within that time are waived.

13.    The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge prior to commencement of trial. The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will Call | May Call | Fact Expert | Liability Damages | Residence Address & Tel. No. | Business Address & Tel. No. |
|------|-----------|----------|-------------|-------------------|------------------------------|-----------------------------|
| 1. Dr. Annie Wimbish | X | | F | Both | Hattiesburg Public School District 301 Mamie St. Hattiesburg, MS 39403 | |
| 2. Dr. James Davis | X | | F | Both | Unknown at this time; Texas | |
| 3. Jimmy Hopkins | X | | F | Both | Hattiesburg Public School District 301 Mamie St. Hattiesburg, MS 39403 | |
| 4. Alan Oubre | X | | F | Fact | Hattiesburg Public School District 301 Mamie St. Hattiesburg, MS 39403 | |
| 5. Sam Buchanan | | X | F | Liability | Hattiesburg Public School District 301 Mamie St. Hattiesburg, MS 39403 | |
| 6. Ann Chapman | | X | F | Liability | Hattiesburg Public School District 301 Mamie St. Hattiesburg, MS 39403 | |

We reserve the right to call Plaintiff as a witness in Defendant's case-in-chief and to call any witnesses listed by Plaintiff.

Will testify live: See above.

Will testify by deposition: None.

State whether the entire deposition, or only portions, will be used. Counsel **shall** confer, no later than twenty days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (videotaped or otherwise). All controversies not resolved by the parties shall be submitted to the trial judge not later than ten days prior to trial. All objections not submitted within that time are waived.

14.     This (√) __X___is  _____is not a jury case.

15.      Counsel suggests the following additional matters to aid in the disposition of this civil action:

A ruling on the pending Motion for Summary Judgment.


16.     Counsel estimates the length of the trial will be _4___ days.

17.     As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before the United States Magistrate Judge, notice of which was duly served on all parties, and at which the parties attended as is stated above, or (b) the final pretrial conference having been dispensed with by the magistrate judge, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.


ORDERED, this the 2nd day of February, 2007.



*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE


__/s/ Kim Chaze___
Attorney for Plaintiff (By electronic permission)

 /s/ Janis van Meerveld_____
Attorney for Defendant


Entry of the preceding Pretrial Order is recommended by me on this, the 2nd  day  of February, 2007.


*s/Keith Starrett*
UNITED STATES DISTRICT  JUDGE


10

**EXHIBIT "A"**
**EXHIBITS  TO BE OFFERED BY PLAINTIFF:**

1. Board Minute Entries regarding Ms. Stover.[combined exhibit] [EXHIBIT #36 could easily be utilized here]

2. Letter from Ms. Stover's attorney, dated April 18, 2005 attempting to stop harassment and retaliation of Ms. Stover.

3. Letter from Ms. Stover's attorney, dated April 12, 2005, attempting to stop retaliation of Ms. Stover.

4. Mississippi Association of School Superintendent's program document and MASS Administrative Assistants Program Enrollment [enrolling Ms. Stover].

5. Document from MASS requesting Ms. Stover serve on Advisory Committee for "state administrative assistants.

6. Directories for all years Ms. Stover employed by Defendant. [see comment by plaintiff to defendant's exhibits  [each year will be separate exhibit]

7. Defendant's proposed exhibit #2.

8. Memorandum dated February 14, 2002 inviting Ms. Stover to "Administrative Retreat".

9. Example of typical correspondence Ms. Stover received acknowledging her title and duty as "Administrative Assistant. [Exhibit 15 to Oubre depo]

10. Example of correspondence Ms. Stover received and was involved regarding selecting personnel for HPSD.[Exhibit 18 to Oubre depo]

8. Similar document as previous exhibit. [Exhibit 17 to Oubre depo]

9. Handwritten document, signed by Dr. Davis and Mr. Hopkins, describing Ms. Stover as "Administrative Assistant.[Exhibit 19 to Oubre depo]

10. Brochure published by HPSD describing Ms. Stover as "HPSD Administrative Assistant". [Exhibit 20 to Oubre depo]

11. Principal Meeting Minutes inviting principals and central office administrative staff [provided Ms. Stover].[Exhibit 23 to Oubre depo]

12. Constructive Discharge Note. [plaintiff's handwritten note]

13. Agreed upon Documents verifying salary and benefits of Ms. Stover. [any documents [usually in Handbook] indicating benefits lost.]  Regarding salary, use either minutes or any number of official documents or business records.  Should be in her original personnel file which we need.

14. Agreed upon Documents verifying salary and benefits of Mr. Oubre. [same as above]

15. Any exhibit listed by Defendant may be used by Ms. Stover. [Have indicated same regarding view/objections of defendant's exhibits]  Will number the exhibits listed in our "no objection" list beginning with "plaintiff's exhibit 21"

16. August 11, 2005 letter from Plaintiff to Defendant.

17. Floor plan of HPSD [on Web site.  I will fax]

18. ALL applications of Ms. Stover.

19. Defendant's proposed exhibit #3. [all]

20. Defendant's proposed exhibit #7

21. Defendant's proposed exhibit #8

22. Defendant's proposed exhibit #9

23. Both charges of discrimination

24. Defendant's proposed exhibit #14

25. Defendant's proposed exhibit #15

26. Defendant's proposed exhibit #16

27. Defendant's proposed exhibit #17

28. Defendant's proposed exhibit # 21

29. Defendant's proposed exhibit #23

30. Defendant's proposed exhibit  #24

31. Defendant's proposed exhibit  #25

32. Defendant's proposed exhibit #32

33. All Board Minutes applicable to Ms. Stover's employment [with the court's permission they will be numbered as follows:    36a, b, c, etc. [one of which will be Defendant's proposed exhibit #35]

34. All applicable Directories including proposed Defendant's exhibit #36. [with the court's permission they will be numbered as follows: 37 a, b, c, etc.]

35. proposed Defendant's exhibit #38.

36. proposed Defendant's exhibit #39

37. proposed Defendant's exhibit #40.

38. proposed Defendant's exhibit #41

39. proposed Defendant's exhibit #42

40. proposed Defendant's exhibit #43

41. proposed Defendant's exhibit #44

42. tax returns [proposed Defendant's exhibit #45 and see comments regarding approach to what will be offered in this regard]

43. Defendant Bates number document #196

44. Defendant Bates number document #167

**DEFENDANT'S OBJECTIONS TO EXHIBIT "A"**
**EXHIBITS  TO BE OFFERED BY PLAINTIFF:**

1. Board Minute Entries regarding Ms. Stover.[combined exhibit] [EXHIBIT #36 could easily be utilized here]  **If not already produced, I object.  Discovery ended long ago. If produced, please identify.**

2. Letter from Ms. Stover's attorney, dated April 18, 2005 attempting to stop harassment and retaliation of Ms. Stover.

3. Letter from Ms. Stover's attorney, dated April 12, 2005, attempting to stop retaliation of Ms. Stover.

4. Mississippi Association of School Superintendent's program document and MASS Administrative Assistants Program Enrollment [enrolling Ms. Stover].

5. Document from MASS requesting Ms. Stover serve on Advisory Committee for "state administrative assistants.

6. Directories for all years Ms. Stover employed by Defendant. [see comment by plaintiff to defendant's exhibits]   [each year will be separate exhibit] **Objection.   Any further records sought from the district are objected to as untimely.   Discovery ended long ago.  If produced, please identify more specifically by Bates or other identification.**

7. Defendant's proposed exhibit #2.

8. Memorandum dated February 14, 2002 inviting Ms. Stover to "Administrative Retreat." **(If this is Oubre Exhibit 14, no objection).**

9. Example of typical correspondence Ms. Stover received acknowledging her title and duty as "Administrative Assistant. [Exhibit 15 to Oubre depo]  (Identification sought by fax or

Bates No. and objection reserved pending viewing of the exhibit.   No objection anticipated).

10. Example of correspondence Ms. Stover received and was involved regarding selecting personnel for HPSD.[Exhibit 18 to Oubre depo] (identification sought by fax or Bates No. and objection reserved pending viewing of the exhibit.  No objection anticipated).

11. Similar document as previous exhibit. [Exhibit 17 to Oubre depo] (identification sought by fax or Bates No. and objection reserved pending viewing of the exhibit.  No objection anticipated).

12. Handwritten document, signed by Dr. Davis and Mr. Hopkins, describing Ms. Stover as "Administrative Assistant.[Exhibit 19 to Oubre depo] (identification sought by fax or Bates No. and objection reserved pending viewing of the exhibit.   No objection anticipated).

13. Brochure published by HPSD describing Ms. Stover as "HPSD Administrative Assistant". [Exhibit 20 to Oubre depo] (identification sought by fax or Bates No. and objection reserved pending viewing of the exhibit.  No objection anticipated).

14. Principal Meeting Minutes inviting principals and central office administrative staff [provided Ms. Stover].[Exhibit 23 to Oubre depo] (identification sought by fax or Bates No. and objection reserved pending viewing of the exhibit.  No objection anticipated).

15. Constructive Discharge Note. [plaintiff's handwritten note]

16. Agreed upon Documents verifying salary and benefits of Ms. Stover. [any documents [usually in Handbook] indicating benefits lost.]  Regarding salary, use either minutes or any number of official documents or business records.  Should be in her original personnel file which we need. **Objection.  The personnel file was included in the Bates**

15

**production.  Any further records sought from the district are objected to as untimely.   Discovery ended long ago.  If produced, please identify.**

17. Agreed upon Documents verifying salary and benefits of Mr. Oubre. [same as above] **Objection.  Non-specific and vague. Any further records sought from the district are objected to as untimely.   Discovery ended long ago.  If produced, please identify.**

18. Any exhibit listed by Defendant may be used by Ms. Stover. [Have indicated same regarding view/objections of defendant's exhibits]  Will number the exhibits listed in our "no objection" list beginning with "plaintiff's exhibit 21"

19. August 11, 2005 letter from Plaintiff to Defendant.

20. Floor plan of HPSD [on Web site.  I will fax] **Objection reserved pending receipt of the document.  This document has never been produced.**

21. ALL applications of Ms. Stover.  **Objection.  Any further records sought from the district are objected to as untimely.   Discovery ended long ago.  If produced, please identify more specifically by Bates or other description.**

22. Defendant's proposed exhibit #3. [all]

23. Defendant's proposed exhibit #7

24. Defendant's proposed exhibit #8

25. Defendant's proposed exhibit #9

26. Both charges of discrimination

27. Defendant's proposed exhibit #14

28. Defendant's proposed exhibit #15

29. Defendant's proposed exhibit #16

30. Defendant's proposed exhibit #17

31. Defendant's proposed exhibit # 21

32. Defendant's proposed exhibit #23

33. Defendant's proposed exhibit  #24

34. Defendant's proposed exhibit  #25

35. Defendant's proposed exhibit #32

36. All Board Minutes applicable to Ms. Stover's employment [with the court's permission they will be numbered as follows:   36a, b, c, etc. [one of which will be Defendant's proposed exhibit #35] **Objection.  Any further records sought from the district are objected to as untimely.   Discovery ended long ago.  If produced, please identify more specifically by Bates or other identification.**

37. All applicable Directories including proposed Defendant's exhibit #36. [with the court's permission they wll be numbered as follows: 37 a, b, c, etc.] **Objection.  Any further records sought from the district are objected to as untimely.   Discovery ended long ago.  If produced, please identify more specifically by Bates or other identification.**

38. proposed Defendant's exhibit #38.

39. proposed Defendant's exhibit #39

40. proposed Defendant's exhibit #40.

41. proposed Defendant's exhibit #41

42. proposed Defendant's exhibit #42

43. proposed Defendant's exhibit #43

44. proposed Defendant's exhibit #44

45. tax returns [proposed Defendant's exhibit #45 and see comments regarding approach to what will be offered in this regard]

46. Defendant Bates number document #196

47. Defendant Bates number document #167

**EXHIBIT "B"**
**EXHIBITS  TO BE OFFERED BY DEFENDANT:**

Ex. D-1        Stover Application for Employment 1996 (Bates 10-11)

Ex. D-2        6/17/96 Hire form (Bates 12)

Ex. D-3        Curriculum Vitae of Addie Stover (Bates 14-16)

Ex. D-4        Memorandum of 4/22/97 to Sue Williamson, Payroll Manager, from
               Gordon Walker, Superintendent, re hiring of Stover to replace Sheffield
               (Exh. J to MSJ)

Ex. D-5        Job Announcement for "Assistant, Administration and Records" (Bates
               132-133)

Ex. D-6        HPSD Job Title/Responsibilities for Assistant, Administration and
               Records (Exh. H to MSJ

Ex. D-7        Current Position/District Mission/Vision for Addie Stover (Bates 169-)

Ex. D-8        Certified Personnel Request for Leave 5/29/01 (Bates 31)

Ex. D-9        7/29/04 letter from Davis to Stover (Exh. I to Reply)

Ex. D- 10      8/11/04 letter to Stover from Davis (Bates 92)

Ex. D-11       8/16/04 EEOC Notice of Charge (Exh. M to Reply)

Ex. D-12       4/12/05 letter from Davis to Stover (Bates 155)

Ex. D-13       4/18/05 letter from Chaze to Davis (Bates ?- Exh. F to Reply)

Ex. D-14       5/16/05 Memo from Hopkins to Stover (Bates 96-99)

Ex. D-15       5/17/05 letter from Stover to Hopkins (Bates 100)

Ex. D-16       6/30/05 letter to Stover from Davis (Bates 101)

Ex. D-17       7/26 and 27/05 email chain between Stover and Wimbish (Bates 106-107)

Ex. D-18       8/10 and 8/11/05 email chain between Gale, Stover and Wimbish (Bates
               108-110)

Ex. D-19       8/11/05 letter to Wimbish from Stover (Bates 102-103)

Ex. D-20        8/8 to 8/15 email chain between Hopkins, Stover and Wimbish (Bates 111-113)

Ex. D- 21       8/15 email from Stover to Wimbish (Bates 114-115)

Ex. D-22        8/17 and 8/18/05 email chain between Stover and Wimbish (Bates 116-117)

Ex. D-23        8/18/05 letter from Wimbish to Stover (Bates 104-105)

Ex. D-24        8/22/05 email from Wimbish to Stover (Bates 119)

Ex. D-25        8/22/05 emails between Wimbish and Stover (Bates 120-121)

Ex. D-26        8/23 and 8/24/05  email between Wimbish, Stover and Hopkins (Bates 122)

Ex. D-27        8/22 through 8/25/05 emails between Wimbish and Stover (Bates 123-126)

Ex. D-28        10/31/05 notes re Hopkins meeting with Stover (Bates 156-57)

Ex. D-29        12/14/05 letter from Hopkins to Stover (Bates 127-128)

Ex. D-30        12/16/05 email and response between Stover and Hopkins (Bates 160)

Ex. D-31        4/19/06 resignation letter from Stover to Wimbish (Exh. L to Reply)

Ex. D-32        4/20/06 letter from Wimbish to Stover (Exh. L to Reply)

Ex. D-33        Summary Interview(s) by EEOC (Exh. ??) WITHDRAWN.

Ex. D-34        Salary Schedules (Bates 138-144)

Ex. D-35        Board minutes for 11/11/03 (Bates 150-151)

Ex. D- 36       District Directories 1995-2006 (Exh. B to Reply (more complete), Bates 1-5, 134-137, 146-49)

Ex. D- 37       Harper contracts 1996-2000 (Bates 162-166)

Ex. D-38        Stover power point presentation (Bates 169-172) REDUNDANT OF D-7

Ex. D-39        Stover "routine monthly responsibilities (Bates 173)

Ex. D-40        Stover "Annual Timeline of Events" 2002 (Bates 174-5)

Ex. D-41        Oubre application (Bates 178-179)

Ex. D-42        Oubre Educator License (Bates 197)

Ex. D-43        Oubre Contract 2003 (Bates 200)

Ex. D-44        Oubre contract 2004 (Bates 201)

Ex. D-45        Stover tax returns (produced by pltf. on 9/15/06)

Ex. D-46        Selected phone records from Stover's cell phone

OBJECTIONS TO DEFENDANT'S PROPOSED EXHIBITS: [objections are entered chronologically using the exhibit numbers provided by defendant]:

1. No objection [assuming defendant's counsel will promptly provide ALL applications of Ms. Stover.  There are more than one.] [Plaintiff will offer this exhibit].

2. No objection  [assuming ALL of these forms are provided plaintiff, plaintiff will offer this exhibit]

3. No objection [assuming ALL vitae of plaintiff are provided plaintiff, plaintiff will offer this exhibit].

4. objection as to relevancy, materiality, authenticity,  best evidence.  It was not produced in discovery.

5. objection as to hearsay, best evidence, and authenticity.  Please note there is no year indicated or signature regarding said document.

6. objection: [appears to be part of #5 and is duplicative].  Also, not produced in discovery, authenticity, and lack of relevancy.

7. No objection [plaintiff will offer]

8. No objection.  [plaintiff will offer]

9. No objection.  [plaintiff will offer]

10. objection as to hearsay, relevancy ,  and authenticity

11. No objection since plaintiff will offer both charges of discrimination.

12. No objection.  [Plaintiff will offer].

13. No objection.  [Defense has agreed it erred here in its description.  This is a letter, copied to attorney for defendant, not an email. Plaintiff will offer. This is plaintiff's exhibit #2].

14. No objection.  [Plaintiff will offer]

15. No objection[plaintiff will offer]

16. No objection[plaintiff will offer]

17. No objection[plaintiff will offer]

18. objection as to relevancy

19. no objection [plaintiff will offer.   Plaintiff's exhibit #19]

20. objection as to relevancy

21. No objection

22. objection as to relevancy.

23. No objection.

24. No objection.  [plaintiff  will offer]

25. No objection.  [plaintiff will offer]

26. objection as to relevancy.

27. objection as to relevancy.

28. objection as to hearsay, authenticity, and best evidence.

29. Objection as to relevancy.

30. Objection as to relevancy.

31. No objection.   [plaintiff will offer.  Plaintiff's exhibit #15]

32. No  objection [plaintiff will offer]

33. Objection as to hearsay, authenticity, and best evidence.  Furthermore, eeoc notes etc. are
    not admissible based upon case law.[defendant agreed at pre trial conference]

34. Objection as to relevancy. However, the actual salaries of Ms. Stover and Mr. Oubre
    [year by year while employed by defendant] are not objected.[upon these documents
    being  provided, plaintiff will offer]

23

35. No objection IF ALL Board Minutes applicable to Ms. Stover are offered. This should be a combined exhibit.  [Plaintiff will offer upon the documents being provided by defendant]

36. No objection.  Plaintiff needs exhibits from defendant. [Plaintiff will offer upon being provided combined exhibits].

37. Objection as to relevancy, hearsay, and authenticity.

38. No objection.  [Plaintiff will offer]

39. No objection. [Plaintiff will offer]

40. No objection [plaintiff will offer]

41. No objection

42. No objection

43. No objection

44. No objection

45. No  objection, of course, to Stover income  from defendant.  However, income of anyone else or from any other source other than defendant is objected as irrelevant. [Plaintiff will offer returns regarding her income.  Some redactions may be necessary]

46. Objected because defendant has not provided as of February 1, 2006.  Also, not produced in discovery, not shown to plaintiff, encroaches upon plaintiff's right to privacy, and records are irrelevant.  Also, object on grounds of authenticity and best evidence.