IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ADDIE STOVER

VS.                                                         CIVIL ACTION NO. 2:05cv388-KS-MTP

HATTIESBURG PUBLIC SCHOOL DISTRICT

ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL

This cause is before the Court on [98] Plaintiff Addie Stover's Motion for New Trial filed pursuant to Rule 59 of the Fed. R. Civ. P., [101] Response by Defendant Hattiesburg Public School District and [104] Rebuttal by Plaintiff, and the Court after considering the motion, response, briefs of counsel, authorities cited and otherwise being fully advised in the premises, finds that the motion is not well taken and should be denied.

Rule 59(a) of the Fed. R. Civ. P. provides:

> **GROUNDS.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States;...

The most prominent of the reasons alleged in plaintiff's Motion for New Trial is that the verdict is against the great and/or clear weight of the evidence. There are a number of Fifth Circuit cases which set forth the standard of review on motions for a new trial:

> When a new trial is requested on such evidentiary grounds (against the weight of the evidence) the motion should not be granted unless the verdict is against the great, not merely the preponderance of the evidence. *Conway v. Chemical Leaman Tank Lines, Inc.,* 610 F.2d 360, 362-63 (5th Cir. 1980); *Herrmann v. Nicor Marine Co., Inc.,* 664 F. Supp. 241, 245 (E.D. La. 1985); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989).

The *Jones* court went on to state:
> The controlling federal standard of review is that all the evidence must be viewed in the light most favorable to the jury's verdict and the verdict must be affirmed unless the evidence points "so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary [conclusion]. *Whatley v. Armstrong World Industries, Inc.,* 861 F. 2d 837, 839 (5th Cir. 1988), quoting *Boeing v. Shipman*, 411 F. 2d 365, 374 (5th Cir. 1969).

The verdict must be against the "great weight" of the evidence as opposed to merely the "greater weight" of the evidence.

> In a further effort to prevent the trial judge from simply substituting his judgment for that of the jury, we require that new trials should not be granted on evidentiary grounds "unless, at a minimum, the verdict is against the great - not merely the greater - weight of the evidence. *Conway v. Chemical Leaman Tank Lines, Inc.,* 610 F. 2d 360 (5th Cir. 1980) (citing *Spurlin v. General Motors Corp.,* 528 F. 2d 612, 620 (5th Cir. 1976).

After a review of the evidence in this case it is difficult not to find this ground for the motion frivolous. The trial in this case lasted five days with at least half of the total trial time being the testimony of the plaintiff. The issue in this trial was the hiring of Mr. Alan Oubre for the position of Assistant to the Superintendent of Hattiesburg Public Schools. Prior to the hiring of Mr. Oubre the position had been filled by two Ph.D. level educators who left to go on and be superintendents in other school districts. At least one of the prior holders of the position was African-American. Both were female. Ms. Stover had been an employee of the school system for a number of years and had worked in the central office. She had been given a title of Administrative Assistant. The position that was ultimately filled by Mr. Oubre was vacant for approximately two years and then, as Dr. Davis the former superintendent stated, "the finances improved" and the position was filled by Mr. Oubre, a licensed educator with a master's degree,

an AAA certificate and who was qualified to serve as superintendent of the Hattiesburg Public Schools.  Ms. Stover claimed that she had been filling the position and further claimed that she was qualified for the position, in spite of the fact that she only had a bachelors degree, was not a licensed educator, and had never been a classroom teacher or an administrator.

The only evidence supporting Ms. Stover's claims came from her testimony.  Each of the other witnesses clearly stated that she never filled the position and did not even come close to being qualified for same.  Ms. Stover's claim was bolstered along the way by self-serving letters from her attorney that were obviously written in anticipation of litigation.  The jury clearly saw the evidence and ruled in the defendant's favor on all counts. This Court finds that the verdict is not against the weight of the evidence and is overwhelmingly supported by the evidence presented at trial.

Paragraphs 2, 4, 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 18, and 20 allege that the Court committed errors in instructing the jury or on evidentiary or discovery matters. The plaintiff does not give specifics or state any authorities. The Court has reviewed said paragraphs and finds that no evidentiary, discovery or jury instructional error was made that would justify a new trial.

Paragraph 14 of the motion alleges that the Court inappropriately treated plaintiff and her attorney to the extent that the verdict of the jury was affected. There is a complete record of the proceeding that demonstrates the necessity and propriety of any complained of conduct.  A trial judge has not only the right but the obligation to maintain control in the courtroom and an obligation to insure a fair trial to all litigants.  This obligation includes insuring that attorneys litigate by the rules and not attempt to obtain unfair advantage by getting outside of them.

There was one incident when the judge did not hear part of Ms. Stover's answer and she

was told by the judge to answer the question.  The Court was in error and apologized to Ms. Stover and offered to apologize in front of the jury, but the offer was declined by Ms. Stover and her counsel.  The reason for the Court's action was that Ms. Stover had not been responsive to previous questions, even after being specifically instructed by the Court.  Apparently, counsel for the plaintiff did not want the error corrected, made no motion or comment, and declined the Court's *sua sponte* offer to "accept the responsibility and apologize" in front of the jury.

After review of all of the allegations in the Motion for New Trial, the Response and the Rebuttal, this Court is left with the firm conviction that the verdict is supported by the overwhelming weight of the evidence and that the Motion for New Trial should be **denied**.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for New Trial be and the same is hereby **denied**.

SO ORDERED this, the 10th day of April, 2007.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE